**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THOMAS GOLDEN,

    Plaintiff,

v.                                          No. 19-cv-1206 JCH-GJF

CURRY COUNTY ADULT DETENTION CENTER,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff's amended civil rights complaint (Doc. 5, supplemented by Docs. 7-8) (Complaint).  Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*.  He challenges his conditions of confinement at the Curry County Detention Center (CCDC)*.*  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint but grant leave to amend.

## I.  Background

Plaintiff initiated this case on December 23, 2019 with a letter describing his conditions of confinement at the Curry County Detention Center (CCDC).  (Doc. 1).  The letter appeared to allege that CCDC officials would not provide adequate shower curtains; the vents were filled with allergens and, in some cases, mold; and CCDC had poor ventilation and was humid.  By an Order entered December 26, 2019, the Court directed Plaintiff to refile his claims on the proper 42 U.S.C. § 1983 form.  (Doc. 2).  Plaintiff timely complied, and the Complaint clarifies that Plaintiff raises claims based on his housing conditions in CCDC's Delta Pod.  (Doc. 5 at 3-4).

Plaintiff resided in the Delta Pod between August 29, 2019 and December 10, 2019.  (Doc. 7 at 1).  The Complaint does not add much factual detail beyond what Plaintiff alleged in his

original letter.  He contends the Delta Pod was humid; the vents contained dust and sometimes mold; and the showers were rusty.  (Doc. 7 at 1; Doc. 8 at 1).  Plaintiff also alleges the Delta Pod had no heat or air conditioning, but in the same paragraph he contends he experienced breathing issues from "constant A/C in below 50 [degree] weather."  (Doc. 7 at 1).  Plaintiff purportedly experienced migraines, respiratory issues, fatigue, rashes, nerve issues, a sore throat, and stress due to his living conditions.  *Id.*  CCDC Warden Gallegos transferred Plaintiff to Alpha Pod after about three and a half months.  *Id.*  However, Gallegos "did not know the conditions were the same" in Alpha Pod.  *Id.*

Construed liberally, the Complaint raises claims under the Eighth Amendment and 42 U.S.C. § 1983.  (Doc. 5 at 1).  Plaintiff names three Defendants: (1) CCDC; (2) the Curry County Sheriff's Office; and (3) the Curry County "Committee of 50."  *Id.* at 2-3.  He seeks at least $350,000 in damages from those entities.  (Doc. 7 at 1).  Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

### III. Standards Governing *Sua Sponte* Review of the Complaint

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice.  *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less

stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

## IV. Screening the Complaint

Plaintiff's constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The alleged constitutional violation here – unsafe housing conditions – implicates the Eighth Amendment. The Eighth Amendment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). To demonstrate prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998). Conditions are objectively serious when they threaten the inmate's

3

safety or "lead to deprivations of essential food, medical care, … [or] sanitation." *Rhodes,* 452 U.S. at 348. "[T]he length of exposure to the conditions is often of prime importance" in Eighth Amendment cases. *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). "As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases." *Id.*

Applying these standards, the Court finds the Complaint fails to state a cognizable constitutional claim. Plaintiff has not named any specific prison official with a "sufficiently culpable state of mind." *Craig,* 164 F.3d at 495. The Complaint names three entity-defendants: the Curry County Sheriff's Office; the Curry County "Committee of 50;" and CCDC. It does not appear the first two entities were involved in the alleged wrongdoing, and CCDC is not a 'person' subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished). The facts are also too conclusory to state an Eighth Amendment violation. A "bare allegation regarding [the presence of] mold … does not create a reasonable inference regarding [a] … threat to mental or physical well being." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 Fed. App'x 111 (10th Cir. Feb. 11, 2004)). The Complaint fails to describe the extent of the problem or explain how Plaintiff knew there was mold in the vents.

It is also not clear how the dust, deficient shower curtains, or rusted bathroom fixtures posed a risk Plaintiff. An inmate is required to "show that conditions were more than uncomfortable;" they must "instead … [impact] health or safety." *Despain v. Uphoff*, 264 F.3d 965, 973–974 (10th Cir. 2001). As to the allegations regarding uncomfortable temperatures, the Complaint gives "no objective indication that the [temperature] was so severe as to pose a

substantial risk of serious harm." *Rocha v. CCCF Admin.,* 408 Fed. App'x 141, 144 (10th Cir. 2011) (unpublished).  To survive initial review, a complaint must generally describe "the severity of the [temperature], its duration, whether he had alternative means to protect … from the [temperature], and the adequacy of such alternatives." *Id.* (internal quotations omitted).  The only objective allegation regarding temperature is that CCDC ran the air conditioning when it was under 50 degrees, but on the same page Plaintiff alleges there was no air conditioning.  (Doc. 7 at 1).  For these reasons, the Complaint fails to state a cognizable conditions of confinement claim.

The Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e).  Plaintiff may file a single, legible amended complaint within thirty (30) days of entry of this Order.  The amended complaint should clarify whether Plaintiff intends to proceed in Federal Court; although the § 1983 complaint suggests he does, some filings are directed to New Mexico's Ninth Judicial District Court.  The amended complaint must also comply with Fed. R. Civ. P. 8(a), which requires a short, plain statement of the grounds for relief.  Plaintiff should file a single pleading, rather than several related filings.   The Court will not "sort through [various] … exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted).  Plaintiff is further advised that any amended complaint should "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  If the defendant is an entity, the entity must have "had an 'official ... policy of some nature ... that was the direct cause or moving force behind the constitutional violations." *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1216 (10th Cir. 2003).

If Plaintiff fails to timely file an amended complaint or files a pleading that fails to comply with Rules 8(a) or 12(b)(6), the Court may dismiss this case with prejudice.

**IT IS ORDERED** that that Plaintiff's amended civil rights complaint (Doc. 5, supplemented by Docs. 7-8) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____

UNITED STATES DISTRICT JUDGE