## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THOMAS GOLDEN,

Plaintiff,

v.                                                                 No. 19-cv-1206 JCH-GJF

CURRY COUNTY ADULT DETENTION CENTER,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Thomas Golden's failure to file an amended civil rights complaint as directed.  Plaintiff is incarcerated, *pro se,* and proceeding *in forma pauperis.*  His original complaint[1] challenged his conditions of confinement in the Curry County Detention Center (CCDC) Delta-Pod.  Prison officials allegedly failed to provide adequate shower curtains or remove rust from surfaces; the vents were filled with allergens and, in some cases, mold; and CCDC had poor ventilation and was humid.  (Docs. 1, 5, 7).  The Original Complaint also alleged the Delta Pod had no heat or air conditioning, but in the same paragraph Plaintiff stated he experienced breathing issues from "constant A/C in below 50 [degree] weather." (Doc. 7 at 1).  Plaintiff purportedly experienced migraines, respiratory issues, fatigue, rashes, nerve issues, a sore throat, and stress due to his living conditions.  *Id.*  CCDC Warden Gallegos transferred Plaintiff to Alpha Pod after about three and a half months in the Delta Pod.  *Id.*  However, the Original Complaint alleged Gallegos "did not know the conditions were the same" in Alpha Pod. *Id.*

---

[1] Between December 23, 2019 and February 3, 2020, Plaintiff filed four letters and supplements raising civil rights claims.  (Docs. 1, 5, 7, 8).  The Court construed the filings as one complaint and screened the claims.  Hereinafter, the four filings will be referred to as the "Original Complaint."

Based on these facts, the Original Complaint raised claims for cruel and unusual punishment under the Eighth Amendment and 42 U.S.C. § 1983.  Plaintiff sought at least $350,000 in damages from three Defendants: (1) CCDC; (2) the Curry County Sheriff's Office; and (3) the Curry County "Committee of 50."  (Doc. 5 at 2-3; Doc. 7 at 1).  After filing the Original Complaint, Plaintiff obtained leave to proceed *in forma pauperis* and made an initial partial payment, as required by 28 U.S.C. § 1915(b)(1).

On July 17, 2020, the Court screened the Original Complaint and determined Plaintiff failed to state a cognizable claim.  (Doc. 21); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of *in forma pauperis* complaints).  Specifically, the Original Complaint failed to name any specific prison official with "a sufficiently culpable state of mind" to satisfy the subjective prong of the Eighth Amendment test.  *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998).  It appeared two of the Defendant entities - the Curry County Sheriff's Office and the Curry County Committee of 50 - had no part in the alleged wrongdoing.  The remaining Defendant, CCDC, is not a 'person' subject to suit under § 1983.  *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished). The ruling also noted that the facts were too conclusory to "show that conditions were more than uncomfortable" and "instead … [impacted] health or safety."  *Despain v. Uphoff*, 264 F.3d 965, 973–974 (10th Cir. 2001).

Consistent with *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991), the Court permitted Plaintiff to file an amended complaint within thirty days of entry of the Memorandum Opinion and Order.  The ruling set out the applicable pleading standards for Eighth Amendment conditions of confinement claims, including specific cases addressing mold and extreme temperatures.  Plaintiff

2

was warned that if declined to timely amend, the Court would dismiss this case with prejudice.

The deadline to file an amended complaint was August 16, 2020.  Plaintiff did not comply or otherwise respond to the Memorandum Opinion and Order.  The Court will therefore dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Plaintiff Thomas Golden's prisoner civil rights claims set forth in Docs. 1, 5, 7, and 8 are **DISMISSED with prejudice**; and the Court will enter a separate judgment closing the civil case.

_

_____
UNITED STATES DISTRICT JUDGE

3